## BUTLER FORD vs. CHARLES WARNER CO.

New Castle County, February Term, 1893.

**Highway.**—A street railway company which has the right to the use of a street for its cars, is not guilty of negligently obstructing the street by allowing one of its cars to remain on a spur track for a reasonable time.

**Same.**—Persons are not bound to keep in motion every instant they are on the public highway; they may stop temporarily for business or pleasure, provided that they do not unreasonably interfere with the rights of others.

**Negligence.**—One who places himself in the public street is bound to exercise all the care ordinarily required to prevent injury to himself; but even if he is negligent in standing on the street without looking about him, such negligence on his part will not defeat a recovery, where there is a failure on the part of the servant of the defendant to use reasonable care.

**Same.**—In order to defeat a recovery for personal injuries, there must be shown a casual connection between the negligence of the plaintiff and the accident.

**Master and Servant.**—Within the scope of his employment, a master is responsible for the acts of his servant, and will be liable for injuries to a third person caused by the negligence of such servant.

**Measure of Damages.**—Exemplary damages should only be allowed where the act causing the injury has been wilfully done, or where circumstances show that there was a deliberate, preconceived, or positive intention to injure, or that reckless disregard of the safety of persons or property which is equally culpable.

**Same.**—In an action for personal injuries, the recovery may embrace compensation for nursing and medical expenses, loss of time from inability to work and incapacity to earn money, loss of bodily and mental powers, and for that actual suffering of mind and body which is the immediate and necessary consequence of the injury; but he may not recover for any malady from which he suffers which is not the natural and necessary result of the injury complained of.

**Evidence.**—A witness, not an expert, may testify whether the defendant appeared well or sick, but he may not give his opinion as to whether or not such defendant was shamming.

An action on the case to recover damages for injuries. Plaintiff, who was employed to clean street cars, was standing in the street near a car on a spur track, engaged at his work, and was injured by a wagon driven by defendant's servant in such a way that when he was attempting to pass the car the rear wheels of the wagon slid along the track, crushing the plaintiff against the car. The facts are sufficiently stated in the charge of the court.

Clarence A. Forwood, a foreman under whom the plaintiff had worked prior to his being hurt, was asked by Mr. Biggs whether Ford was shamming or whether he was really hurt. Mr. Hilles objected, on the ground that the witness could not give his opinion, not being an expert.

THE COURT, ROBINSON, C. J. We think the witness may testify to the fact whether he appeared well or sick ; Abbott, Trial Evidence, 600, 649 ; but, unless the right to put the question is borne out by the decision in *Peace's Adm'r vs. Johnson Forge Co.**  (about which there is some doubt), the Court is of opinion that the witness can not be asked whether or not, in his opinion the plaintiff was shamming.

Dr. Joseph Pyle, a witness for defendant, was asked in cross-examination : Who is this gentleman here ? referring to Mr. Bradbury, the representative of an accident insurance company, who was sitting in the bar of the court. Do you know him ? Objection was made on the ground of irrelevancy. To this it was replied that the object was to show the bias of the witness, because of the relations between him, and the gentleman referred to, who was directly interested in the suit, and in whose presence he was testifying. The Court was of opinion that the plaintiff could show that fact, and overruled the objection.

ROBINSON, C. J. (charging the jury).

This action is what is called in law an action on the case—that

---

*9 Houst. 338.

is, an action on the plaintiff's case, wherein in his declaration he sets out the particular circumstances of the injury he received and claims damages for that injury.

In this case Butler Ford seeks to recover damages for injuries he received in consequence of the negligent driving of one George T. Johnson, who was at the time in the employment of the defendants and was driving a mortar wagon belonging to them. Butler Ford himself was in the employ of the Wilmington City Railway Company and worked at Union and Lancaster Avenue, or at Front and Union as it is agreed that it shall be called in this case, and his business was keeping the cars clean and attending to the lamps.

The Wilmington City Railway Company is a corporation of this City and State, having a right to lay tracks and run cars along and over the streets of this City. Having single tracks along some of the streets, they have laid what they call "turn-outs"—that is, short side tracks connecting with the main track on which a car can lie by until the one coming in the opposite direction passes it. There was such a turn-out at Front and Union which, if we understand the testimony, was near the terminus on that street.

On the fourteenth of November, 1891, car No. 16 was standing on this turn-out. The horses were attached to it, but the driver was nowhere about. There were two ladies in the car, one of whom was Mrs. Cyrilla Long, a witness in this case. No one knows who the other lady was. Butler Ford had cleaned the inside of the car and was standing on the ground at the side with a little short-handled brush in his hand. When the accident occurred he was either sweeping off the platform or answering some questions as to transfer tickets which the unknown lady had asked him.

While the plaintiff was doing this, George T. Johnson, a driver employed by the Charles Warner Company, the defendant, drove down the street from the direction of Silverbrook. He was driving two horses hitched to a large mortar wagon belonging to the defendant corporation. The wagon, he says, was about twenty-four feet from the tongue to the end of the hind wheel. He had upon it, he says, six mortar boxes, which were empty, and placed

crosswise of the wagon, edge up, not flat down, and in one row. These boxes were according to the evidence about ten feet long.

In attempting to pass the car No. 16 as it was lying there upon the turn-out, George T. Johnson drove against the plaintiff as he was standing upon the ground either sweeping the platform or answering the inquiries of the lady in the car.    The plaintiff was caught between the car and either the boxes or wagon and injured; and it is for the injuries so received that he seeks to recover damages.

In answer to the plaintiff's claim for damages the counsel for defendant contends that he ought not to be allowed to recover— First. Because as he asserts the driver, George T. Johnson, was not guilty of any negligence in driving the wagon at that time, and that the accident occurred solely because the wagon slipped on the tracks, which, as he claims, could rot have been foreseen by him.

Second.  Because even though the driver of defendant's wagon might have been guilty of negligence, yet as both the car and plaintiff were unlawfully in the street at the time the accident occurred and plaintiff did not exercise that care in looking up and down the street while he was standing in it which the law requires of him, that he was, therefore, guilty of contributory negligence and cannot recover in this action.

In support of the first branch of his defence the defendant produces the testimony of George T. Johnson, the driver, that in turning out, the hind wheel caught in the track and slid along the track and against the car, and he refers to the testimony of Elwood Stewart, a blacksmith, a witness produced by the plaintiff, who states that " when the wheels turned out too short there was a slipping and it threw the wagon right into the car and caught Butler there."

Gentlemen, if you believe the evidence of these witnesses as to the slipping and that the accident was caused by this slipping, you have further to consider whether defendant's driver used due care and caution in selecting a time to turn out, and whether he did not approach too near the car before he began to do so.  If you be-

lieve he did not approach the car too closely and was not then and there guilty of any negligence, your verdict should be for the defendant.

But in considering the respective claims of the plaintiff and the defendant you may first consider the positions of the plaintiff and street car, and the wagon driven by George T. Johnson and the respective duties of each party under the circumstances in which they were then placed.

It is true that highways are made for the convenience of the traveling public and that many obstructions to public travel are nuisances, but it is also perfectly well settled that travellers are not bound to keep in motion every instant they are on the road. They have a right to stop temporarily for business or pleasure, provided they do not unreasonably interfere with the rights of others who wish to use the road. The Wilmington City Railway have a right to use the streets of this city for the purpose of laying their tracks and running their cars, and they have all the rights and powers necessary for such a user. They had a right to keep car No. 16 a reasonable time on this turnout so that car No. 10 might pass it, or for any other purpose necessary and proper for using their cars, and we do not think the ordinance cited by the learned counsel deprives them of that right. If the highways are for public convenience, so also are the cars and tracks of the City Railway Company.

But although, if car No. 16 had only been on this turnout for a reasonable time and for a proper purpose—had Butler Ford the further right to stand on the ground for five minutes or over and sweep the platform, and while sweeping to answer the inquiries of the lady in the car without paying any attention to what was coming or going on the street? That is one of the questions for you to decide in this case. You must determine whether the car being rightfully there, he could rightfully and lawfully stand on the ground and brush the platform off. If he had that right, could he do so without keeping watch for passing vehicles; for whoever places himself in a public street is bound to exercise all the care ordinarily required to keep himself from being injured.

Now, as to the duty of George T. Johnson, the driver of the wagon belonging to the Charles Warner Company, he saw the car there and turned out to pass it. It was his duty to ascertain whether there was space to pass in, and if there was not he was bound to stop; *McLane vs. Sharp et al.*, 2 Harring. 483. He had no right to endanger the car and those in and near it by the want of ordinary care and caution in passing, and the care and caution he was required to use was proportioned to the size of his wagon and of the load upon it, and the difficulty of passing with a vehicle and load of such dimensions. In other words, if a car or person is standing in the road and I see them and drive into them carelessly and negligently, I am liable in damages to the person and owner.

But the learned counsel for the defendant contends, as we said above, that George T. Johnson did not see the plaintiff, and that because the plaintiff was guilty of contributory negligence in standing in the road, he cannot recover for any want of ordinary care on the part of George T. Johnson.

Whatever may have been the former rulings of this Court, we cannot now, since the case of *Jones vs. Belt*, 8 Houst. 562, adopt the language of one of the counsel's prayers and tell you that any negligence, however slight, on the part of the plaintiff, will prevent his recovery. The Court there held that the negligence of the plaintiff must have a casual relation to the accident. In that case the plaintiff, Jones, was upon a ladder replenishing lamps which hung across the street. The foot of the ladder was in the street and unattended by any one. The team of the defendant, Belt, which his driver had allowed to remain unhitched in the street, wandered away, and striking the ladder injured the plaintiff. The Court held that, notwithstanding the plaintiff was guilty of contributory negligence in allowing the foot of the ladder to be unattended, and in not keeping a careful watch for himself, he could nevertheless recover, because there was no casual connection between the negligence of the plaintiff and the act of the defendant. And the Court, in their opinion in that case, say: " A man is unlawfully in a certain place,

he is therefore there certainly by his negligence in not obeying the law and keeping away, to say the least. While there he is injured by the carelessness or negligence of another; it will be no excuse to that other that he is there unlawfully, unless by being there he promoted, in some other way than by simply being there, the other's wrongful act.

Apply this principle to the case we are now trying. Suppose you should find that Butler Ford had no right to be standing on the street; further suppose that you find that he ought to have exercised greater care in looking up and down the street—that is, that he did not exercise that watchfulness which a man situated as he was should have exercised—still if you further believe from the testimony that George T. Johnson saw the car as it was standing on the turn-out, and in turning out to pass it did not use reasonable care to avoid injuring the car and those in and about it, and that in consequence of that want of care on the part of George T. Johnson, Butler Ford was injured by his wagon, you may find for the plaintiff.

In estimating the care and attention which George T. Johnson should have used you must take into consideration the size of the wagon, with its load, which he was driving along the street; for a person driving such a wagon as he was driving should exercise greater care, lest he injure others, than one who was driving a small carriage. You may also take into consideration the fact that it was probable that some one or more persons would be in or near the car.

In estimating the care and attention which Johnson did actually use you may take into consideration the evidence of those witnesses who say that they called out warning him and Ford of the danger impending over the latter, and the conduct of Johnson after the accident occurred. And you should also take into consideration the evidence of those witnesses—that is, of Johnson himself and of Elwood Stewart, a witness for the plaintiff—that the wagon slipped as he turned on the track. You are the sole judges of all these things, and their determination lies entirely with you.

The relation between the Charles Warner Company and George T. Johnson, the driver of their wagon, was that of master and servant, and the master is always responsible in damages for the negligence of which the servant is guilty while transacting his business, so in this case the Charles Warner Company is responsible for the negligence of George T. Johnson if you find that the latter was negligent.

If your verdict should be for the plaintiff, he should " receive one compensation for all damages past and prospective in consequence of the defendant's negligent act.  They are understood to embrace adequate compensation for actual nursing and medical expenses and loss of time or loss from inability to perform ordinary labor, or incapacity to earn money, also a reasonable amount for loss of both bodily and mental powers, or actual suffering of body and mind, which are the immediate and necessary consequences of the injury."

We have adopted the language of the Court in the case of *Wallace vs. Wilmington and Northern R. R. Co.*,* decided in this court in 1889, and to which we have been referred by the learned counsel for the defendant.

We cannot say to you as in the defendant's eighth prayer we are asked to do, that there having been no proof that his wage-earning capacity has been reduced by any definite sum, you are not at liberty to take into account future loss of wages—for whether there has been such proof or not is entirely within your province to determine.  He cannot recover for injuries which he might by the exercise of reasonable care have avoided, and you should not consider any future pain and suffering of which the proof is that there is only a possibility.  Nor can he recover damages for the inter-costal rheumatism from which he says he suffers, if that was not the natural and necessary result of the injury complained of, but could only be induced by some intervening cause such as cold and work.

*8 Houst. 529.

The learned counsel for the defence has also asked us to charge you that no exemplary damages can be allowed by you in this case, because, as he says, exemplary damages cannot be given against a corporation except for negligence of its vice principal.

We cannot so charge you gentlemen. Corporations are equally liable with other masters in exemplary damages whenever the circumstances of the case will justify said damages being given. The Charles Warner Company placed George T. Johnson in full control as driver of this wagon, and they are responsible for his negligence, whether that negligence be gross or only ordinary. But it is not every case of injury to another that should be visited by a jury with exemplary damages. Such damages ought only to be allowed where the act causing the injury has been wilfully done, or where the circumstances show that there was a deliberate, preconceived or positive intention to injure or that reckless disregard of the safety of person or property, which is equally culpable. We cannot do better than to adopt upon this point the language of this Court in the case of *McLane vs. Sharp et al.*, 2 Harring. 483, as we have been requested to do by the learned counsel for the plaintiff.

If you believe the circumstances of this case warrant it, you are at liberty to find exemplary damages for the plaintiff; and so if you believe the life of the plaintiff was endangered at the time of the injury by the gross negligence of the driver, and that the conduct of the driver at that time betrayed a disregard of the ordinary dictates of humanity which require every man to succor his fellow man in distress, and especially when that distress has been caused by his own fault. But whether exemplary damages should or should not be awarded depends in the case you are now trying on the view you take of the conduct of George T. Johnson and whether you think it worthy of such damages.

We can only tell you that exemplary damages ought not to be awarded except in cases of the most aggravated nature, and in considering this question in this case you should recall to your minds the evidence of George T. Johnson and Elwood Stewart that the accident was caused by the slipping of the wagon on the tracks and

if you believe this evidence, then you must further consider what weight you will give it, as rebutting any inference from other facts that the accident was the result of recklessness or gross negligence on the part of the driver.

There is one part of this case to which we wish to refer before leaving it in your hands. We compelled Dr. Pyle to testify as to his relations with Mr. Bradbury and the Insurance Company, and as to the relations of the Insurance Company with this suit, because we thought it might show bias on his (Pyle's) part and thus affect the weight which you might give to his testimony. His testimony is in this case for that purpose and that purpose only. If you allow it to have any other weight in this case, if you permit it to bias your judgment in fixing the amount of damages, you are so far departing from the high function you are called here to perform and not doing justice between man and man. We warn you upon this point, not because we think you would intentionally take it into consideration, but lest it might creep in unwittingly to yourselves. We are trying a case between Butler Ford and the Charles Warner Company, and not between Butler Ford and the Insurance Company.

Gentlemen, the case is in your hands. You must first decide whether you think the plaintiff entitled to damages or not. If you think he is entitled to damages, then the amount is entirely within your discretion, but it must be a wise and just discretion applied to all the facts and circumstances of this case.

*Verdict for the plaintiff for $900.*

*John Biggs,* for plaintiff.

*William S. Hilles,* for defendant.